Evans, J.
delivered the opinion of the Court.
The defendant was indicted and convicted under an Act of the Legislature, to make the fraudulent and secret faking of cotton,’ corn and other grain, before severance from the soil, larceny. The words of the Act arc, “ if any person shall take from any field, not belonging to such person, any cotton, corn, rice or other grain, fraudulently, with intent secretly to convert the same,” &c. The objections to the indictment may be stated as two-fold. 1. That the indictment does not state that the peas were growing in the field unsevered from the free-hold. 2. That peas are not grain, and it is not indictable >o take peas from a field. On the first ground, it is sufficient to say, that the offence in this case is charged in the words of the enacting clause, and that it is all that the strictest rules of criminal pleading re *476 quire. The 2nd ground, it is necessary to consider more at large, it is an acknowledged rule of construction, applicable to all instruments of writing, and even to ordinary conversation, as is said in the case of The Treasurers v. Lang, 2 Bail. 430, that general and unlimited terms are restrained and limited by particular recitals, when used in connexion with them, for the obvious reason that they convey a more definite idea. No one has ever supposed that the rule required the rejection of the general terms entirely. The rule, as laid down in Dwarris on Statutes, 69, (9th vol. of Law Library,) requires nothing more than the restriction of the general terms to cases of the same kind as those expressly enumerated ; but this rule must be taken in connexion with other rules of construction, such as that referred to in the case of the State v. Suber, 2d vol. MS. Decisions, 341, that an Act shall be so construed as to carry out the declared intention of the Legislature. From what is said by Lord Kenyon in Jenkinson v. Thomas, 4 Term. R. 666, it would seem the rule does not apply when it is clear that the case is within the words of the statute, but only to avoid extending the construction to cases within the mischief, but not within the words of the statute. In the case of the King v. Hodnette, Buller, J. said, where the words are plain we are to decide on them. If they are doubtful, we are then to have recourse to the subject matter. The construction given to all our statutes which have similar provisions, is in conformity with these principles. By the Act of 1817, (7 Stat. 454,) it is enacted, that if any “ shop-keeper, trader or other person,” shall directly or indirectly buy or purchase from any slave, “ any corn, rice, peas or other grain, bacon, flour, tobacco, indigo, cotton, blades, hay, or any other article whatsoever, or shall otherwise d,ea), trade or traffic with any slave,” die. In the construction of this statute, it has never been supposed that, the general words, other person, are restricted by the preceding words, “ shop-keeper or trader,” to persons of the like character or employment; or that the words “ other grain," were restricted by the words “ corn, rice¡pr peas,” from meaning what was. obviously intended — every de- *477 Bcriplion of grain ; or that the words “ any other article whatsoever,” were restrained by the preceding words “bacon, flour,” Ac. It is every day’s practice to convict for buying poultry aud other things, no way resembling the articles particularly enumerated. It will be perceived that there is nothing in the Act expressly prohibiting the selling anything to a slave ; but yet it was held, in the case of the State v. Súber, that it was a violation of the Act to sell a handkerchief to a slave, on' the principle that the words otherwise deal, trade and traffic, were intended to cut up by the roots every species of traffic with a slave, without reference to the kinds of trading before enumerated. A similar construction has been given the Act of 1822, against fraudulently packing cotton. The words are, 1! if any person shall be convicted of knowingly and wilfully packing or putting into any bale or bales of cotton, any stone, wood, trash cotton or cotton seed, or any other matter or thing whatsoever.” In the case of the State v. Holman, 3 Mc-.Cord, 306, the defendant was indicted under the Act for pouring water into a bale of cotton. It was held that the general words, matter or thing, were not restricted to stone, wood, trash cotton or cotton seed, or things of a like nature. Johnson, J. said, “ it is contended that 1 any matter or thing whatsoever,’ should be construed in reference to the preceding specifications. But the rule does not apply, except where there is a repugnance or incompatibility between the specific and general expressions and refers for authority to the rule adopted in the U. States v. Fisher, 2 Cra. 355, as superseding all other rules. It is, that where a law is plain and unambiguous, whether expressed in general or limited terms, the Legislature should be intended to mean what they haye plainly expressed, and consequently there is no room left for constructiox^^
The only remaining question is whether peas are included within the general term other grain. I do not undertake to savr whether peas belong to the same class an¡á order as corn and rice, according to the classification of the botanists. I presume they do not. But the Legislature, I suppose, used the words other grain as words of com *478 mon parlance, and in the same sense in which they were' used in other Acts. By reference to the Act of 1817, relating to trading with slaves, it will be found that the Legislature regarded peas as grain. The words are — corn., rice, peas or other grain) showing clearly, that they were considered as much grain as corn and rice ; and I am very confident that, in the published prices current, peas are put down with corn, wheat and oats under the general head of grain. I come, therefore, to the conclusion that there is nothing, in any of the grounds, made in arrest of judgment, and that the motion must be dismissed.
O’Neall, J. and Frost, J. concurred.
Richardson, J. dissented.

Motion refused.